MELLOY, Circuit Judge.
John S. La Tour appeals several district court[1] orders in his 42 U.S.C. § 1983 challenge to the constitutionality of a municipal ordinance prohibiting him from displaying a flashing or blinking electronic sign. We affirm.
I.
La Tour is a certified public accountant who lives and works in Fayetteville, Arkansas (the “City”). On December 23, 1999, he contacted the City’s sign inspector to inquire about purchasing a sign for the window of his office. The inspector told La Tour that indoor signs were not regulated.[2] La Tour then purchased an electronic sign that displays messages up to twenty-one characters long. The sign can be programmed to display one set of characters, go blank, and then display another set of characters. Used in this manner, the sign can display messages that would not fit on the sign if used only in a non-flashing, static mode. After La Tour used the sign to display political messages,[3] City officials ordered him to remove the sign because it violated Unified Development Ordinance Section 174.08(B) (the “Ordinance”), which prohibits any “sign which flashes, blinks, or is animated.” [4] This section does not contain any exceptions, but the City admits that it has not enforced the regulation with respect to flashing signs that display only the time and/or temperature, without advertising matter. The parties agree that La Tour’s sign operates in the same manner as the time and temperature signs that the City allows.
When La Tour refused to remove the sign, the City filed a criminal summons. La Tour was tried and convicted in municipal court. He appealed the conviction, and the City settled the case. The City agreed to allow La Tour to change the message on his sign once every three hours and refunded his fines and court costs. La Tour then filed a claim in the United States District Court for the Western District of Arkansas on January 3, 2002, seeking civil damages under 42 U.S.C. § 1983. The district court found some sections of the Ordinance unconstitutional, but held that Section 174.08(B) was constitutional on its face and as applied. The district court also found that La Tour’s rights under the Equal Protection Clause had not been violated and denied La Tour’s request to amend his complaint to add certain City officials as defendants. In a separate ruling, the district court prohibited La Tour from presenting evidence regarding additional signs in and around the City. La Tour timely appealed.
*1096 II.
We assume, without deciding, that La Tour successfully preserved an objection to the district court’s ruling which excluded La Tour from offering testimony regarding other flashing signs. “We review a trial court’s evidentiary rulings under the abuse of discretion standard, affording the district court substantial deference.” Shelton v. Consumer Prods. Safety Comm’n, 277 F.3d 998, 1009 (8th Cir.2002). After a careful review of the record, we believe that La Tour’s proffered evidence would not have significantly impacted the constitutional analysis. As such, we find no abuse of discretion in excluding it.
We engage in de novo review of the district court’s determination that the Ordinance is constitutional. Fraternal Order of Police v. Stenehjem, 431 F.3d 591, 596 (8th Cir.2005). Before making our own determination of the constitutionality of the Ordinance, we must determine which level of scrutiny to apply. Whitton v. City of Gladstone, 54 F.3d 1400, 1403 (8th Cir.1995), If the Ordinance is content-based, it faces exacting scrutiny. Burson v. Freeman, 504 U.S. 191, 198, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992). If the Ordinance is content-neutral, it faces only intermediate scrutiny. United States v. Dinwiddie, 76 F.3d 913, 923 (8th Cir.1996).
The Ordinance is clearly content-neutral on its face as it does not allow any flashing, blinking or animated signs, regardless of their content. However, La Tour argues that the Ordinance is content-based “as applied” because City officials do not prohibit flashing signs that display time and temperature readings. La Tour argues that anytime one must look at the contents of a message to determine if it is prohibited, the regulation at issue must necessarily be content-based. In support of this argument, La Tour cites our statement in Whitton that “a restriction on speech is content-based when the message conveyed determines whether the speech is subject to the restriction.” 54 F.3d at 1403-04.
There are a number of reasons that Whitton is distinguishable. First, the regulation in Whitton was deemed to be content-based on its face, whereas the Ordinance is only arguably content-based as applied. Second, the regulation in Whit-ton imposed restrictions only on one type of speech: political election signs. The Ordinance bans all flashing signs and, as applied, only provides one narrow exception for signs displaying the time and temperature. Third, although one technically has to examine the content of the signs in each case to see if the sign is prohibited, the inquiry is much more searching in Whitton. It takes some analysis to determine if a sign is “political,” but one can tell at a glance whether a sign is displaying the time or temperature. Fourth, and most importantly, we found that the regulation in Whitton did not apply restrictions “to identical signs displaying nonpolitical messages which present identical concerns.” 54 F.3d at 1407 (emphasis in original). Here, the ubiquitous time and temperature signs allowed by the City do not pose identical concerns as signs that function similarly but that display messages that are more distracting. Allowing only time and temperature signs cannot be said to “give one side of a debatable public question an advantage in expressing its views to the people” or allow the City to “select the permissible subjects for public debate and thereby to control the search for political truth.” City of Ladue v. Gilleo, 512 U.S. 43, 51, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994) (internal quotations and citations omitted).
Even if Whitton could not be distinguished on its facts, it is not our most recent analysis of a content-based restric *1097 tion. In Excalibur Group, Inc. v. City of Minneapolis, 116 F.3d 1216, 1220 (8th Cir.1997), we stated that an ordinance “is content-neutral if it is ‘justified without reference to the content of the regulated speech.’ ” (quoting Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). Here, the City’s desire to promote traffic safety is in no way tied to the content of the flashing signs it seeks to regulate. More recently, we also stated that “[a] regulation that distinguishes between speech activities likely to produce the consequences that it seeks to prevent and speech activities unlikely to have those consequences ‘cannot be struck down for failure to maintain “content neutrality.” ” ’ Fraternal Order of Police, 431 F.3d at 596-97 (quoting Hill v. Colorado, 530 U.S. 703, 724, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000)) (reversing the district court’s invalidation of a portion of an act which the district court deemed content-based because it banned telephone “solicitation” but not “advocacy”). We agree with the district court that, because a message displaying the time and/or temperature is short and rudimentary, such a message poses less of a traffic hazard than other messages. In light of all of these reasons, we find the Ordinance to be content-neutral.
Because the regulation is content-neutral, it is constitutional if it “is ‘narrowly tailored to serve a significant governmental interest, and ... leaves open ample alternative channels for communication of the information.’ ” United States v. Nenninger, 351 F.3d 340, 345-46 (8th Cir.2003) (quoting Clark v. Cmty for Creative Non-Violence, 468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984)). The interests expressed by the City are esthetics and traffic safety. These are significant governmental interests. Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 507-08, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). To be narrowly tailored, the regulation does not have to be the least restrictive means of furthering the City’s interest. Thorburn v. Austin, 231 F.3d 1114, 1120 (8th Cir.2000). A message displaying the time and/or temperature poses less of a traffic hazard than other messages. Thus, the City may allow such an exception and still have a regulation that is narrowly tailored. We also agree with the district court that La Tour has ample alternative channels to communicate his messages including non-electronic signs and his electronic sign operating in a non-flashing manner. Thus, the regulation is constitutional.
Because La Tour’s Equal Protection claim is dependant on the argument that the City enforced the Ordinance in a content-based manner, that claim necessary fails. Similarly, because the Ordinance is constitutional, we reject all of La Tour’s claims against the City officials who enforced the Ordinance. As such, we need not address whether La Tour should have been allowed to amend his complaint to add additional officials, whether those officials are entitled to absolute or qualified immunity, or whether La Tour is entitled to punitive damages.
III.
For the foregoing reasons, we affirm the orders of the district court.

. The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

. The City claims that La Tour did not inform the inspector that he was interested in purchasing an electronic sign that would be displayed to persons outside his office.

. La Tour’s messages included the statements: “Choose Life,” "God Listens,” and "Recall-Coody.com.”

. The district court also examined other provisions in Chapter 174 of the Ordinance and found several to be unconstitutional. The City has not appealed that ruling.